MAESTRI v. SCHAFER BROS.

(November 18, 1929. Opinion and Decree.)
(December 16, 1929. Rehearing Refused.)
(February 5, 1930. Writ of Certiorari and Review Denied by Supreme Court.)

Guy J. D'Antonio, of New Orleans, attorney for plaintiff, appellant.

Deutsch & Kerrigan, and F. Jose Duron, of New Orleans, attorneys for defendants, appellees.

WESTERFIELD, J. This is a suit in damages for an alleged breach of a contract for repair of a building belonging to plaintiff. The contract is set forth by the following written offer and acceptance.

"New Orleans, La., November 2, 1925,

"We propose to do all alterations on residence #1737 Esplanade Ave., as per plans and specifications #579 by J. J. Lagarde for the sum of Six Thousand Eighty Eight ($6088.00) Dollars.

"Hoping that this price meets with your approval and to be favored with same.

We are respectfully,
Schafer Bros.
Per Aug. F. Schafer,
1023 Piety St.,
Phone Hem. 493.

"P. S.—The above price is for a glazed tile roof. Deduct $150.00 for a terra cotta roof."

"New Orleans, La.
"November 6th, 1925.

"Schafer Bros.,
1023 Piety Street,
New Orleans, La.
Attention: Mr. A. F. Schafer.
Gentlemen:—

"I have accepted your bid under date November 2nd, 1925, for alterations and additions to the premises #1737 Esplanade Avenue, as you know, under J. J. Lagarde's plans and specifications #579 as is set forth in your bid, and I understand that you have sixty (60) days within which to begin the work.

"Without in any manner changing that offer and the acceptance of it, I wish to assure you that I will deem it as a personal favor to me if you will cause the work to begin as soon as you can conveniently do so.

"With kindest personal regards to you, I am,

Yours very truly,
NM          Signed N. Maestri."

It is admitted that the damages claimed, $902, are not excessive.

Subsequent to entering into the contract defendant was asked by plaintiff to furnish a bond, with which request he failed to comply and declined to carry out his agreement. There is testimony in the record by plaintiff to the effect that he had always intended to have a bond given by defendant and to draw up a regular notarial building contract under the building laws of Louisiana. The defense to this suit is based on that circumstance.

The court below in deciding the case in defendant's favor gave the following written reasons:

"The court is of the opinion that a written contract was intended at all times by both parties. Hence there was no contract, as this written contract was never signed. Laroussini vs. Werlein, 52 La. Ann. 424, 27 So. 89, 78 Am. St. Rep. 350.

"Plaintiff's suit must therefore be dismissed."

We find ourselves unable to agree with our learned brother below in his opinion that the instant case is controlled by Laroussini vs. Werlein, 52 La. Ann. 424, 27 South. 89, 90; 78 Am. St. Rep. 350.

In the first place, there is here a written and not a verbal contract. The agreement between the parties to this case as set out in their written correspondence does not on its face indicate that it was subsequently to have any other form, and there is no reference to any intention on the part of either party to join in a notarial act. That the defendants were under no misapprehension as to the character of the agreement they had entered into, is shown by the fact that they immediately requested the use of the specifications in order that they might order the materials necessary for the work which they had undertaken. Even if the plaintiff in this case had intended to ask the defendants to enter into a notarial contract with all the formality required under the building laws of this State, the mere fact that he entertained such an idea could not invalidate his written agreement with the defendants.

In the Laroussini case, it was held that, when a verbal contract of lease is agreed on and it is understood that it would be reduced to writing and the written lease take the place of the verbal agreement, that, until such written lease was confected, there would be no contract of lease, but, at the same time, the court declared that:

"A verbal contract of lease, complete in itself, independent of any writing, and unaccompanied by an intention to have the same reduced to writing, as perfecting it, is an enforceable contract. And if such a verbal contract be made, and subsequently the parties agree that the same shall be reduced to writing and be signed and afterwards there is a failure to so reduce it to writing and to signatures—one of the parties refusing—it is still enforceable as a binding contract."

In the case at bar, as has been heretofore stated, the contract was in writing and there is no reason to suppose that, at the time of its confection, there was any intention to have another contract prepared. Whatever may have been plaintiff's intention in that respect, the defendants did not so understand the situation, as is evident from their conduct in ordering building materials immediately after the acceptance of their offer.

Our conclusion is that the plaintiff should recover, consequently, for the reasons herein assigned, the judgment appealed from is annulled, avoided and reversed, and there is now judgment in favor of plaintiff, Natale Maestri, and against the defendants, Schafer Brothers, an ordinary partnership composed of August F. Schafer and Louis Schafer, in the full sum of $902 with legal interest thereon from date of judicial demand until paid and for all costs.